IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ELIO DIEGUES FRIAS,

    Plaintiff,

v.       CASE NO. 4:11-cv-553-SPM-GRJ

GOVERNOR SCOTT, et al.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on October 26, 2011, by filing a prisoner civil rights complaint pursuant to 42 U.S.C § 1983, and a motion for leave to proceed as a pauper. Docs. 1 and 2.  Plaintiff's IFP motion is deficient in that he failed to provide a prisoner financial certificate and a copy of his six-month account statement, and therefore the motion will be denied.

Plaintiff seeks damages in connection with a prison disciplinary proceeding which resulted in confinement in disciplinary segregation for 60 days and the loss of ten days' accrued gaintime.  Doc. 1.  Plaintiff contends that the loss of gaintime extended his release date from November 2, 2011, to November 12, 2011, in violation of his rights under the Double Jeopardy Clause.  Doc. 1.

A review of the Florida Department of Corrections' inmate locator reflects that Plaintiff was released from custody on November 12, 2011.  Plaintiff has failed to provide the Court with a current address, and therefore this case is due to be dismissed for failure to prosecute.

Moreover, the Court has screened Plaintiff's Complaint pursuant to 28 U.S.C §

1915A, and concludes that it fails to state a claim upon which relief may be granted because the imposition of two administrative sanctions for the same disciplinary offense does not trigger Double Jeopardy protections.  The Fifth Amendment states in part that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." *U.S. Const. amend. V*. The Double Jeopardy Clause protects individuals against three distinct violations: (1) "a second prosecution for the same offense after acquittal"; (2) "a second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989). Defendant apparently relies on the third violation.  The Supreme Court has recognized, however, that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, "in common parlance, be described as punishment." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (internal quotation omitted). The Clause protects only against the imposition of multiple *criminal* punishments for the same offense.   *Id*. at 99. The Double Jeopardy Clause does not apply to proceedings that are not "essentially criminal." *Breed v. Jones*, 421 U.S. 519, 528 (1975). The Supreme Court has held that prison disciplinary proceedings are not part of a criminal prosecution.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

As the Eleventh Circuit explained in *United States v. Mayes*, 158 F.3d 1215, 1224 (11th Cir.1998), "Prison officials have no authority to alter the inmates' original criminal sentences. They merely implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules." In *Mayes*, federal

prisoners brought a Double Jeopardy challenge to criminal charges based upon the same offense conduct as disciplinary sanctions previously imposed by the federal Bureau of Prisons. The *Mayes* court held that the prison disciplinary sanctions, which included a disallowance of accrued good conduct time, were not so punitive as to constitute "criminal" sanctions, and the Court accordingly rejected the inmates' double jeopardy challenges to their subsequent criminal prosecutions. *Id.*

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **DENIED.** It is respectfully **RECOMMENDED** that this case be dismissed for failure to prosecute and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915A**.**

IN CHAMBERS  this 28th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.